United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD MANUAL CORBETT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:23-CV-00088 |
| | § | |
| BILL MILLS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Edward Manual Corbett, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

Plaintiff, a pretrial detainee confined at the Aransas County Jail, asserts that his constitutional rights have been violated because he has not been provided with access to law books in order to contest his pending criminal case. He also alleges that law enforcement authorities wrongfully subjected him to an oral DNA test. For the reasons set forth below, the undersigned recommends that Plaintiff's lawsuit be DISMISSED with prejudice as frivolous or for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The undersigned recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. *Background: Plaintiff's § 1983 action.*

Plaintiff is a pretrial detainee at the Aransas County Detention Center. (Doc. No. 1, p. 1.) He states that he is facing state charges for "retaliation, obstruction, online solicitation, agg sexual assault, … manufacture and delivery of 2<4." (Doc. No. 9, p. 1.) Plaintiff is represented by appointed counsel in his pending criminal case. *Id.*

Plaintiff sues Aransas County Sheriff Bill Mills, the City of Rockport, and Aransas County. He lodges two general claims, discussed in greater detail below: a claim that he has been improperly denied law books while in pretrial confinement; and a claim that he was improperly subjected to a DNA test. *See* Doc. No. 1, pp. 1, 3; Doc. No. 1-1, p. 4.[1]

Plaintiff first contends that his civil rights have been violated because he has allegedly been denied access to law books while in confinement, which he states he needs in order to "fight [his] case." (Doc. No. 1-1, p. 2.) He asks for the "ability to fight my case, with current and available material, so as to return to society, and to receive some sort of severance for my [inadequate] ability to be able to use said books." *Id.* at 3. Plaintiff contends that his due process rights have been violated. (Doc. No. 9, p. 1.) Plaintiff asks the Court "to administer a volume or

---

[1] Plaintiff also states that he has attempted to contact various officials in Aransas County in order to provide information about various "missing persons, high profile cases, and cold cases," but that he has received no reply. He states that he would like to have his statements about those matters heard, and to receive "some sort of help for exchange of said information: I know it's worth something. And to not be charged with anything because in tandem fear of my life." (Doc. No. 1-1, p. 6.) Plaintiff does not allege that the officials' failure to respond to his purported offer is a violation of any of his constitutional rights. The undersigned does not discuss the matter further in this memorandum.

list of books available to persons detained, of what law books are available to said detained persons, so that persons would be able to fight said case, or cases.  I feel that this is a violation of my rights as a United States citizen." (Doc. No. 1-1, p. 5.)

Plaintiff also claims that his civil rights were violated because a DNA sample was taken from him while in confinement.  He states, verbatim:

> [A]s of yet I have not nor never been convicted of said crime, there imposing that I give a D.N.A. sample to the state – also imposing imminent guilt of said charges, which I find to be very biased, discriminating, and very much an attack on my character, and [viciously] slanderous, to the [defamation] of my character as I have no convictions of said offense.

(Doc. No. 1-1, p. 4.)  Plaintiff seeks compensation for his "mental anguish, and mental suffering, and continued shunning of society." *Id.*

### C. Legal standard.

When a prisoner seeks to proceed *in forma pauperis*, the Court shall evaluate the complaint and dismiss it without service of process if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324

(5th Cir. 1999) (*per curiam*). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id.* (citations omitted). Thus, dismissal is inappropriate "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff must allege sufficient facts in support of his legal conclusions that give rise to a reasonable inference that the defendants are liable. *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. If the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*. Further, as Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### D. Discussion.

Plaintiff's lawsuit should be dismissed with prejudice because it is frivolous.

#### 1. Access to law books.

Plaintiff claims that the defendants violated his constitutional rights by denying him law books that he claims would have aided him in "fighting his case," referring to his pending criminal case. (Doc. No. 1, p. 3; Doc. No. 1-1, pp. 1-3; Doc. No. 9, pp. 1-2 ¶¶ 4-5.) Plaintiff acknowledges that he is represented by counsel in the pending criminal case. (Doc. No. 9, p. 1 ¶ 2.)

While Plaintiff phrases his claim in terms of a violation of his due process rights, this issue is more appropriately analyzed as claimed denial of the First and Fourteenth Amendment right to access the courts. Plaintiff's claim should be dismissed because he does not plausibly allege any legal injury resulting from any denial of law books.

Prisoners have a "fundamental constitutional right of access to the courts" under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). Meaningful access to the courts is the touchstone, as there is no "abstract, freestanding right to a law library or legal assistance." *Id.* at 351. To prove a denial of meaningful access to the courts, a plaintiff must demonstrate some actual injury, such as the loss or rejection of a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019). A pretrial detainee's right to access the courts is satisfied by the provision of counsel; inmates who are represented by counsel have no constitutional right to access a law library to work on their own criminal cases. *See Dickinson v. TX, Fort Bend Cnty.*, 325 F. App'x 389, 390 (5th Cir. 2009). "'[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law.'" *See Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

Plaintiff, in response to the Court's questions, acknowledges that he is represented by counsel in his pending criminal case. (Doc. No. 9, p. 1.) Thus, even accepting Plaintiff's factual claims as true, he fails to plausibly allege any cognizable injury. Plaintiff's claim should therefore be dismissed as frivolous.

### *2. DNA sample.*

Plaintiff alleges he was told by a detective in October or November 2022 that he must provide a DNA sample to the Texas Department of Public Safety. Plaintiff states that he protested that he would not do so without his attorney present, but that the detective said that the sample was not for his pending criminal case but instead for the Department of Public Safety. (Doc. No. 9, p. 2.) Plaintiff states that he had already given a DNA sample with regard to his current criminal case, and "the one I am speaking of was a separate D.N.A. sample." *Id.* Plaintiff asserts that the collection of this second DNA sample (an oral sample, *see* Doc. No. 1-1, p. 3) was unnecessary and that it "discriminated against me, as it made me feel that I was already judged tried and convicted, . . . I feel that this D.N.A. sample for D.P.S. was done by [the detective] due to the nature of my case and . . . my open homosexual lifestyle, I have severe mental anguish, due to this D.N.A. sample." *Id.* at 3.

Section 411.1471(b) of the Texas Government Code provides that a DNA specimen shall be taken from anyone "arrested for a felony prohibited under" certain listed provisions of the Texas Penal Code. That specimen must be provided to the Texas Department of Public Safety. Tex. Govt. Code § 411.1471(d). The Director of the Texas Department of Public Safety is required to preserve that specimen, but must destroy it if, for example, the charged person is acquitted or if charges are dismissed. Tex. Govt. Code § 411.1471(e). Among the listed offenses triggering the collection requirement is section 22.021 of the Texas Penal Code, which criminalizes aggravated sexual assault. *See* Tex. Govt. Code § 411.1471(a)(1)(N).

Plaintiff states that he is charged with aggravated sexual assault, among other charges. (Doc. No. 9, p. 1.) Accepting Plaintiff's factual claims as true, as the Court must, the collection was indeed "due to the nature of [his] case" – the collection requirement would apply to Plaintiff

6 / 8

by virtue of his arrest for a listed offense under the statute.  Because the DNA collection was required based on Plaintiff's arrest for a listed crime, Plaintiff fails to plausibly allege that the collection was instead wrongly attributable to his "open homosexual lifestyle," that it was somehow slanderous or defamatory in any actionable way, or that it was improper for any reason cognizable under the Civil Rights Act.  Such a DNA collection, the Fifth Circuit has held, also would not violate the Fourth Amendment's prohibition against unreasonable searches and seizures.  *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).  And even if the Court were to construe Plaintiff's argument as claiming that the collection was wrongly imposed on him as an incorrect application of the state law in violation of his due process rights (which it does not appear to have been, because Plaintiff has been arrested for a listed offense), that claim would also be meritless, because "a violation of state law, without more, does not present a constitutional claim under the Civil Rights Act."  *Williams v. Mooneyham*, No. 7:04CV188R, 2005 WL 1528689, at *1 (N.D. Tex. June 28, 2005); *see also Brown v. Williams*, 124 F. App'x 907, 909 (5th Cir. 2005).

### E. Conclusion and recommendation.

The district court should DISMISS Plaintiff's § 1983 claim with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

The undersigned further recommends that this dismissal count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

*F. Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of this Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 14, 2023.

MITCHEL NEUROCK
United States Magistrate Judge