Case 2:23-cv-00088   Document 33   Filed on 01/02/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDWARD MANUAL CORBETT,  § | |
|  § | |
| Plaintiff,  § | |
|  § | |
| VS.  § | CIVIL ACTION NO. 2:23-CV-00088 |
|  § | |
| BILL MILLS, *et al.*,  § | |
|  § | |
| Defendants.  § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Edward Corbett, appearing pro se and *in forma pauperis*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  D.E. 1; D.E. 6.  On August 14, 2023, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R), recommending that Corbett's complaint be dismissed and that a "strike" be issued for purposes of 28 U.S.C. § 1915(g).  D.E. 17.  Corbett timely objected.  D.E. 19; D.E. 20.  Corbett also filed more objections that were untimely.  D.E. 21; D.E. 22; D.E. 23; D.E. 24; D.E. 25; D.E. 29; D.E. 30.[1] The Court addresses each objection below.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  "Parties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the

---

[1] Although these objections are untimely, the Court considers them together with the timely objections because they raise similar issues.

district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[2] As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

First, Corbett objects a number of times and in a number of ways to the Magistrate Judge's finding that he failed to allege a cognizable injury in his denial-of-access claim. Corbett's objections are replete with representations about shortcomings in the Aransas County Detention Center (ACDC) law library, the motives of the ACDC staff in failing to provide him and other inmates with books and legal assistance, complaints that he has suffered psychological damages as a result, and citations to authorities discussing the right to access the courts. D.E. 19, pp. 3–5; D.E. 20, pp. 1, 2, 4–10; D.E. 21, pp. 2–4; D.E. 22, p. 3; D.E. 24, pp. 1–3; D.E. 25; D.E. 29, pp. 1–4; D.E. 30, pp. 2–4.

However, as the Magistrate Judge explained, the injury necessary to support a denial-of-access claim is that a viable legal claim was lost or impaired as a result of the lack of a law library or legal assistance. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Corbett's complaints do not address the proper measure for that element, and his fear of appearing uneducated before the

---

[2] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R and stating that "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."). In explaining the policy supporting this rule, the Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Magistrate Judge here is not enough. There is no error in the Magistrate Judge's analysis, given that Corbett admits that he was appointed legal counsel to represent him in his criminal defense. D.E. 9, p. 1; *Dickinson v. TX, Fort Bend Cnty.*, 325 F. App'x 389, 390 (5th Cir. 2009) (citing *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996)). Corbett's right to access to justice is satisfied by having an attorney appointed to represent him. His objections are therefore **OVERRULED**.

Second, Corbett asserts several objections to the Magistrate Judge's recommendation that the Court dismiss his claim concerning the pretrial collection of his DNA. D.E. 19, p. 7; D.E. 20, pp. 1–3; D.E. 21, p. 4; D.E. 22, p. 3. In these objections, Corbett repeats his claims that this collection was unlawful, slanderous, and discriminatory. D.E. 19, p. 7; D.E. 20, pp. 1–3; D.E. 21, p. 4. However, Corbett's objections merely repeat his prior arguments without challenging the Magistrate Judge's explanation that this DNA collection was both constitutional and required by Texas law. *See Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (stating that a party does not raise a factual objection by merely re-urging previous arguments); D.E. 17, pp. 6–7. Thus, the Magistrate Judge correctly concluded that this claim is meritless, and the Court **OVERRULES** these objections.[3]

Third, Corbett asks the Court multiple times for monetary relief. D.E. 19, pp. 6, 8; D.E. 20, p. 3; D.E. 21, p. 7. However, Corbett is not entitled to monetary relief because he fails to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915A (stating that a court shall dismiss

---

[3] To the extent that Corbett's conclusory allegations here attempt to raise an equal protection claim, that too fails because Corbett does not allege that he was treated differently than any other similarly situated persons. *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990); *Estrada v. Nehls*, 524 F. Supp. 3d 578, 592 (S.D. Tex. 2021), *aff'd*, No. 21-20160, 2022 WL 2113614 (5th Cir. June 13, 2022), *cert. denied*, 143 S. Ct. 384 (2022).

the complaint if it fails to state a claim upon which relief may be granted). Thus, the Court **OVERRULES** these objections.

Fourth, Corbett objects to the Magistrate Judge's recommendation that his case be dismissed as frivolous, arguing that he had no malicious intent and that his filings support the facts of his case. D.E. 19, p. 6. However, Corbett's subjective intent does not impact the Magistrate Judge's correct conclusion that Corbett's claims lack an arguable basis in law and fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, as the Magistrate Judge explained, Corbett's claims are frivolous, and the Court **OVERRULES** this objection.

Fifth, Corbett raises several objections about newspapers printing his indictments. D.E. 19, pp. 9–10; D.E. 23, pp. 1–12; D.E. 24, pp. 1–3. However, these objections are irrelevant here because they concern a different case Corbett filed in this Court: *Corbett v. Aransas County*, No. 2:23-CV-111 (S.D. Tex. filed Apr. 25, 2023). None of these objections claim any error in the Magistrate Judge's analysis in this case, nor do they relate to the allegations here. Thus, the Court **OVERRULES** these objections.

Sixth, Corbett also objects that he has been retaliated against because he sued Aransas County. D.E. 20, p. 2; D.E. 21, p. 4. However, because Corbett never raised the issue of retaliation before the Magistrate Judge, he waived this claim. *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). These objections do not demonstrate any error in the M&R, so the Court **OVERRULES** them.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Corbett's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's

M&R to which objections were specifically directed, the Court **OVERRULES** Corbett's objections and **ADOPTS** the Magistrate Judge's findings and conclusions. Accordingly:

(1) Plaintiff's § 1983 claims against Defendants are **DISMISSED with prejudice** as frivolous and for failure to state a claim for relief.

(2) It is **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

This action is **DISMISSED** in its entirety.

**ORDERED** on January 2, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE