Case 2:23-cv-00088 Document 47 Filed on 04/09/24 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARD MANUAL CORBETT, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:23-CV-00088 |
| | § | |
| BILL MILLS, *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

For the reasons discussed below, the undersigned recommends that Plaintiff Edward Manual Corbett's application to proceed *in forma pauperis* on appeal (Doc. No. 42) be DENIED. The district court should determine that Plaintiff's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

### A. *Proceedings.*

Plaintiff filed this civil rights action *pro se* on March 31, 2023, claiming that he was unconstitutionally denied access to law books to contest his pending criminal case and wrongfully subjected to an oral DNA test by law enforcement during his confinement as a pretrial detainee at the Aransas County Detention Center.[1] (Doc. No. 1.) The Court granted Plaintiff's request to proceed *in forma pauperis*. (Doc. No. 6.) As part of the screening process, the Court ordered Plaintiff to submit a more definite statement. (Doc. No. 7.) Plaintiff

---

[1] Plaintiff is currently a prisoner in the Texas Department of Criminal Justice-Correctional Institutions Division, housed at the Stevenson Unit in Cuero, Texas. Plaintiff stated in his pleadings that he was facing state charges for "retaliation, obstruction, online solicitation, agg sexual assault, . . . manufacture and delivery of 2<4." *See* Doc. No. 1; Doc. No. 9, p. 1. He has since been convicted of the manufacture and delivery of a controlled substance and the aggravated sexual assault of a child. *See Inmate Information Details: Edward Manual Corbett, TDCJ Number: 02463387*, Tex. Dep't Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=50544365 (last visited Apr. 9, 2024).

subsequently sent multiple letters to the Court (Doc. Nos. 11-15) and filed a more definite statement (Doc. No. 16).

After reviewing and considering Plaintiff's complaint and responses, the undersigned issued a memorandum recommending that Plaintiff's lawsuit be dismissed with prejudice as frivolous or for failure to state a claim upon which relief can be granted.  (Doc. No. 17.)  Plaintiff objected to the undersigned's recommendations (Doc. Nos. 19, 21), but the district court overruled those objections, adopted the undersigned's recommendations, and issued final judgment dismissing Plaintiff's suit.  (Doc. Nos. 33, 34.)  The district court also imposed a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g).  (Doc. No. 33, p. 5.)

Plaintiff then filed a notice of appeal (Doc. No. 40) and now seeks to proceed on appeal *in forma pauperis* (Doc. Nos. 42, 45).

### B.  Plaintiff's underlying § 1983 claims.

In the instant case, Plaintiff sued Aransas County Sheriff Bill Mills, the City of Rockport, and Aransas County for violating his constitutional rights in connection with allegedly denying Plaintiff access to law books and improperly subjecting Plaintiff to a DNA test.  *See* Doc. No. 1, p. 3; Doc. No. 1-1, pp. 1, 4.  Plaintiff first contended that his due process rights were violated because he was allegedly denied access to law books to "fight [his] [criminal] case" while in confinement at the Aransas County Detention Center.  (Doc. No. 1-1, p. 2-3; Doc. No. 9, p. 1.)  Plaintiff asserted that this alleged deprivation of civil rights was because of judgment and discrimination over Plaintiff's "open" homosexuality.  (Doc. No. 9, p. 1.)  Plaintiff next alleged that his civil rights were violated because law enforcement authorities took a DNA sample from him while in confinement, stating that the action "impos[ed] imminent guilt of said charges" and was "very biased, discriminating, and very much an attack on my character, and [viciously]

slanderous, to the [defamation] of my character as I have no convictions of said offense." (Doc. No. 1-1, p. 4.)

Plaintiff asked the Court "to administer a volume or list of books available to persons detained, of what law books are available to said detained persons, so that persons would be able to fight said case, or cases" and for "some sort of severance" for his alleged inadequate access to the law books. (Doc. No. 1-1, pp. 3, 5.) Plaintiff also sought monetary relief for his "mental anguish, and mental suffering, and continued shunning of society" for the wrongful collection of his DNA sample. (Doc. No. 1-1, p. 4.)

### C. Standard of review.

Requests to proceed *in forma pauperis* on appeal are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. *Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-4082, 2022 WL 18911603, at *1 (S.D. Tex. Oct. 25, 2022) (Sheldon, M.J.). A litigant seeking to proceed *in forma pauperis* on appeal must attach an affidavit that shows in the detail prescribed by Rule 4 of the Appendix of Forms the litigant's inability to pay or to give security for fees and costs,[2] claims an entitlement to redress, and states the issues that the litigant intends to present on appeal. Fed. R. App. P. 24(a)(1).

The district court may authorize an appeal "without prepayment of fees or security therefor, by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must therefore examine the financial condition of the applicant to determine whether the payment of fees would "cause [an] undue

---

[2] Prisoners seeking *in forma pauperis* on appeal must submit a certified copy of their trust fund account statement or institutional equivalent for the six-month period immediately preceding the filing of the notice of appeal. 28 U.S.C. § 1915(a)(2). If granted leave to proceed *in forma pauperis*, a prisoner is still obligated to pay the full amount of the filing fee over time, when funds exist, through an initial partial filing fee and monthly installments withdrawn from the prisoner's account. *Id.* § 1915(b)(1), (2); *Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020).

financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). One need not be absolutely destitute to qualify for *in forma pauperis* status, but that status is allowed only when a movant cannot pay filing costs and remain able to provide for himself and dependents. *See Ryan v. Ramsey*, 936 F. Supp. 417, 425 (S.D. Tex. 1996) (citing *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

The prisoner not only must make "the proper economic showing," but must also demonstrate that the appeal is taken in good faith—that is, that a nonfrivolous issue exists for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). "An appeal is taken in good faith if it raises legal points that are arguable on their merits and thus nonfrivolous." *Lockett*, 2022 WL 18911603, at *1 (quoting *McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015)).

### D. Plaintiff's motion to proceed in forma pauperis on appeal should be denied because his appeal would not be taken in good faith.

A review of Plaintiff's submitted prisoner trust fund account (Doc. No. 46) reveals that Plaintiff cannot pay the appellate filing fees without causing him undue financial hardship. As such, Plaintiff has made the proper economic showing to qualify for *in forma pauperis* status on appeal. Nonetheless, the district court should deny Plaintiff's motion to proceed *in forma pauperis* because his appeal would not be taken in good faith: Plaintiff fails to articulate a non-frivolous issue for appeal.

Plaintiff requests on appeal that he be given a "proper chance" to object to the undersigned's memorandum and recommendation, claiming that he had "limited" access to the law libraries at the Aransas County Detention Center but now has access to the law library and

the ability to conduct legal research at the Stevenson Unit, where is he is presently incarcerated. (Doc. No. 40, p. 1.)

To the extent Plaintiff seeks to appeal because of some alleged "limited" or denied access to the Aransas County Detention Center's law library at the time he prepared his objections to the undersigned's memorandum, Plaintiff's appeal would not be taken in good faith.  Although prisoners have a constitutional right of access to the courts, they do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  In order to demonstrate that their rights have been violated, inmates "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*.  In other words, there must be an actual injury – as the district court aptly described, "that a viable legal claim was lost or impaired because of the lack of a law library or legal assistance." (Doc. No. 33 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).)  Plaintiff does not contend that he did in fact identify any viable legal claim that was lost or impaired because of any lack of law library resources.  The undersigned finds, after its own screening and review of the district court's order which explored the relevant caselaw surrounding Plaintiff's legal claims, that Plaintiff's appeal would be frivolous for this reason, and because he still does not identify any legal claim that was lost or impaired or identify any error in the district court's holding.  Plaintiff's proposed appeal of this issue would therefore not be taken in good faith.

### E.  Conclusion and recommendation.

The district court should deny Plaintiff's request to proceed *in forma pauperis* on appeal. Plaintiff's appeal would not be taken in good faith because he fails to identify any non-frivolous issue for appeal.

*F. Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on April 9, 2024.

MITCHEL NEUROCK
United States Magistrate Judge